UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BENJAMIN KING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:14-cv-0070-WTL-DKL |
| DEPAUW UNIVERSITY, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Plaintiff, Benjamin King, by counsel, William W. Drummy and Holly A. Reedy, moves the Court to grant partial summary judgment against the Defendant, DePauw University, on King's claim for defamation. In support of this motion, King respectfully submits the following brief.

**INTRODUCTION**

King was defamed by a DePauw University professor, Sharon Crary, who repeatedly alleged that he "raped" the alleged victim. The professor made these statements to University employees, President Brian Casey, Dean of Students Cindy Babington, and the President's administrative assistant, Betsy Demmings. Crary also made references to King allegedly putting a date rape drug in a drink – which was never proven or even alleged against King – at his fraternity house. As a result of Crary's statements at the fraternity house, King's fraternity brothers approached him about the allegations.

Despite the administration's awareness that Crary was claiming that King raped the alleged victim, the administration did not take any action to discipline Crary or prevent her from continuing to make her defamatory statements on campus. King's reputation was harmed as a

1

result of Crary's repeated and defamatory statements, alleging criminal conduct and sexual misconduct for which King was never charged.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

President Brian Casey's deposition commenced on October 30, 2014, and the parties are scheduling a date to complete Casey's deposition. Casey's administrative assistant, Betsy Demmings, was also deposed on the same date. The transcripts for the Casey and Demmings depositions have not yet been completed, and the undersigned will provide relevant portions of the transcripts as soon as they are available.[1]

King was never charged with rape through DePauw's administrative processes or by the Putnam County Prosecutor. Demmings testified that Sharon Crary, a professor at DePauw University, stated that King had "raped" the alleged victim. Crary made this statement while in the hallway of the administration offices. President Casey testified that Crary also used the word "rape" when referencing King's alleged sexual misconduct. Casey admitted that he did not do anything to discipline Crary for this statement and did not take any action to prevent her from saying it again. The undersigned believes that the transcripts of Casey's deposition will show that Casey was notified of the defamatory statements as early as January 2014, and that Crary continued to make these statements until at least March 2014.

Crary did not have an administrative role in investigating the case or in participating in the hearing. Crary was a professor at DePauw who developed a close personal relationship with the alleged victim, and her comments against King were not for purposes of furthering the investigation or hearing.

---

[1] Counsel for the parties informally agreed that the discovery deadline for summary judgment purposes could be extended beyond the date set by the Court, as long as the Plaintiff agreed that the Defendant could respond to any new evidence in the reply brief.

**ARGUMENT**

King is entitled to partial summary judgment because Crary defamed King and damaged his reputation by claiming that he raped the alleged victim. "A defamatory communication is one that 'tend[s] to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person.'" *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007) (*quoting Rambo v. Cohen,* 587 N.E.2d 140, 145 (Ind.Ct.App.1992)). "The framers of the Indiana Constitution placed high value on reputation. Our Constitution provides that 'All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law.'" *Kelley*, 865 N.E.2d at 596 (*quoting* Ind. Const. art. I, § 12). The question of whether a communication is defamatory is a question of law for the court. *Id*.

King is entitled to summary judgment because Crary's defamatory statements alleging criminal conduct and sexual misconduct were defamatory *per se* under Indiana law. "A communication is defamatory *per se* if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct." *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007). "To maintain an action for either *per se* or *per quod* defamation the plaintiff must demonstrate (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages." *Id*. at 596-97. In an action for defamation *per se* the plaintiff "is entitled to presumed damages 'as a natural and probable consequence' of the *per se* defamation." *Id*. at 597 (*quoting Rambo v. Cohen*, 587 N.E.2d 140, 145 (Ind. Ct. App. 1992)).

Crary's statements qualify as defamation *per se*. By alleging that King raped the alleged victim, Crary's statement imputed both criminal conduct and sexual misconduct. Crary made these statements with reckless disregard of whether or not the statements were false. There was no evidence that King had raped the alleged victim. Crary made these statements despite the fact

3

that King had denied the alleged crime of rape, the alleged victim did not have a memory of the event, and there was no evidence that King had raped the alleged victim. King was not charged with rape either by DePauw University or the Putnam County Prosecutor.

President Casey's deposition will show that Crary developed an unusually close relationship with the alleged victim, she became "too close" to the situation, and she was allowing the alleged victim to stay overnight at her home. Crary was not officially assigned to investigate or process the claim against King; however, she involved herself in the situation. The deposition transcripts and exhibits of the Casey and Demmings depositions will show that Crary published this information by informing another professor that the alleged victim was "raped," by asking the Dean of Students what she could do to "get this rapist off campus," that she referred to the alleged misconduct as "rape" when speaking to Demmings in the hallway of the administration building, and that she referred to it as "rape" when speaking to President Casey.

King testified at his deposition that his fraternity brothers first approached him about the alleged incident after Crary had attended a dinner at his fraternity house. Crary had made comments at the dinner about whether there was a date rape drug in her drink (relating to the alleged victim's first story that she had been drugged), and inferring that "there's a rapist in this house, and we need to get him out of here." (Deposition of Benjamin King, 93:3-13, 94:22-23, attached as *Exhibit A*).

President Casey did not take action to correct or prevent the defamatory statements. He did not believe the defamatory statements would impact the University processes for King's claim; however, he did not appear to appreciate or have concern for the defamatory impact on King's character and reputation.

4

## **CONCLUSION**

King is entitled to partial summary judgment on his defamation claim because a DePauw University employee, Sharon Crary, made defamatory statements alleging that King had committed criminal conduct and sexual misconduct. Crary published these statements with malice and caused harm to King's reputation.

WHEREFORE, the Plaintiff, Benjamin King, by counsel, moves the Court to enter summary judgment on his claim for defamation against DePauw University.

Respectfully Submitted,

/s/ William W. Drummy
William W. Drummy, #4607-84

/s/ Holly A. Reedy
    Holly A. Reedy, #27558-84

WILKINSON, GOELLER, MODESITT,
    WILKINSON & DRUMMY, LLP
333 Ohio Street
Terre Haute, IN 47807
Telephone: (812) 232-4311
Fax: (812) 235-5107
Attorneys for Benjamin King

## **CERTIFICATE OF SERVICE**

      I certify that on November 3, 2014, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

Brian W. Welch
Margaret M. Christensen
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

                                            */s/ Holly A. Reedy*
                                            Holly A. Reedy